UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION

| | |
|---|---|
| JODI HAMSTRA, | ) |
|         Plaintiff | ) |
| vs. | ) Case No. |
| DONALD W. SHELMON, | ) |
|         Defendant. | ) |

## COMPLAINT

Plaintiff JODI HAMSTRA ("Jodi"), by her attorneys, for her Complaint against Defendant DONALD W. SHELMON ("Shelmon") states as follows:

### Jurisdiction and Venue

1. Jodi is an individual domiciled in and a citizen of the State of Michigan.

2. Shelmon is an individual domiciled in and a citizen of the State of Indiana.

3. Pursuant to 28 U.S.C.§1332(a), this court has jurisdiction over this matter as complete diversity exists between the parties, as Plaintiff is a citizen of a different state than Defendant and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4. Pursuant to 28 U.S.C. §1391(b), venue in this judicial district is proper in that a substantial part of the events or omissions giving rise to the claim occurred here.

### Factual Background

5. Shelmon was the former attorney for GJMS, LLC ("GJMS"). The members and managers of GJMS included Jodi's then-husband Greg Hamstra ("Greg") and another individual named Mitchell Van Kley ("Van Kley").

6. Jodi and Greg's Dissolution of Marriage Proceedings had been pending before the Jasper Superior Court sitting at Rennsselaer, Indiana, under Cause No. 37D01-1406-DR-000499

(the "Dissolution Proceedings"). Shelmon acted as both GJMS' counsel as well as Greg's personal attorney in the Dissolution Proceedings.

7. During the course of the Dissolution Proceedings, the parties engaged in oral and written discovery, including discovery pertaining to assets that were part of the marital estate. Greg's membership interest in GJMS was at all times a marital asset.

8. As part of discovery, Greg, through his counsel Shelmon, furnished to Jodi a December 31, 2014 GJMS Financial Summary ("2014 Summary") which showed that GJMS was the owner of various pieces of real estate, including one known as "French Lick." A copy of the 2014 Summary is attached as **Exhibit A** hereto.[1]

9. At no time was Jodi ever furnished any supplemental information, either orally or in writing, indicating that any change had occurred in the ownership of any of the four properties listed in the 2014 Summary as owned by GJMS.

10. In fact, unbeknownst to Jodi but known to Shelmon, Van Kley and Greg, on March 16, 2016, GJMS sold the French Lick property for $630,000 to an entity called O'Reilly, Inc. A copy of the sale agreement of French Lick is attached as **Exhibit B** hereto.

11. At no point prior to the sale of the French Lick property did Jodi have any knowledge that the French Lick property was for sale, that an offer had been made or that a sale had been completed. Nor did she ever receive the terms of the sale or any document associated with the sale of French Lick prior to the settlement referenced in paragraph 14 below.

12. Instead, Shelmon intentionally and maliciously conspired with Greg and Van Kley, as part of a wrongful scheme of non-disclosure, omissions, and misrepresentations, to conceal any

---

[1] Although this document was initially marked confidential, Ms. Hamstra is now the sole owner of GJMS and waives that confidentiality.

information regarding the French Lick property sale, and also took affirmative steps to mislead Jodi regarding the status of that property, including suborning perjury.

13. On May 2 and 3, 2016, Van Kley testified under oath at his deposition in the Dissolution Proceedings. Shelmon, as an attorney for both Greg individually and for GJMS, was personally present when Van Kley falsely testified that French Lick was an asset of GJMS. Despite the clear falsity of this statement, Shelmon, as part of the scheme to defraud Jodi, affirmatively allowed that testimony to stand without correction, despite knowing that it was false (since Shelmon was well aware the property had been sold in March, 2016) and constituted perjured testimony.

14. On May 20, 2016 a mediation was conducted at the McDevitt Mediation Center in Lake County, Merrillville, Indiana (the "Mediation"). Greg, Jodi, their respective counsel, and the mediator were present for the Mediation. During the Mediation, the parties reached a Mediated Property Settlement Agreement ("Settlement") which was memorialized and signed that day at the Mediation Center. A copy of the written Settlement is attached as **Exhibit C** hereto. While Shelmon has admitted he knew that the French Lick property had been sold by GJMS months before the Mediation, and claims he disclosed it to Jodi's counsel during the mediation, that is untrue. In fact, in furtherance of the scheme to defraud, at no time was Jodi or her counsel advised of the fact of the French Lick Property sale nor of the perjured and false testimony of Van Kley given two weeks before the Mediation.

15. As reflected in the Settlement, the division of the property by the parties included a term in Paragraph 2A that Jodi would receive 100% of the membership interests in GJMS, including the percentage of the membership interest that belonged to Van Kley.

16. Jodi agreed to the division of property set forth in the Settlement, including full ownership of GJMS, based upon her understanding that GJMS owned 4 parcels of property,

including French Lick. The statement in the 2014 Summary that GJMS owned French Lick, along with Van Kley's now known to be perjured testimony as to the continued ownership of French Lick, were each material facts regarding the value of GJMS and served as an inducement for Jodi to enter the Settlement as structured.

17. Paragraph 5 of the Settlement also provided inter alia as follows:

> Each party warrants and represents that they have made **full disclosure** of all of their assets and liabilities to the other for purposes of negotiating this agreement, including both liabilities and assets accumulated by either or both parties during or prior to their marriage.

## COUNT I - FRAUD

18. Plaintiff reincorporates the foregoing paragraphs as if fully set forth herein.

19. Based upon Shelmon's knowledge of his clients' prior representations, business affairs and testimony, Shelmon, as a co-conspirator, concealed that Greg's warranty and representation of "full disclosure" in Paragraph 5 of the Settlement was a false material fact. Indeed Shelmon, acting as a co-conspirator with Greg and Van Kley, knew that no one had ever communicated anything to Jodi or her counsel regarding a sale of French Lick and in fact, to the contrary, had made affirmative misrepresentations under oath regarding the status of that property.

20. Shelmon and his co-conspirators' material omissions and misrepresentations as set forth above constitute actual and constructive fraud.

21. Jodi reasonably relied on these intentional misrepresentations and omissions to her detriment. As a result of this fraudulent scheme, of which Shelmon was a key and instrumental conspirator, Jodi has been damaged in the amount of at least $630,000, which was the price paid for the French Lick property in the March, 16, 2016 sale.

22. The misrepresentations of Shelmon, both directly and through his co-conspirators, were done with malice and intent, entitling Jodi to an award of punitive damages against Shelmon in an amount of at least $2,000,000.

23.    Jodi may bring a civil action against a Defendant who caused loss due to fraud for up to three times the amount of the damage, plus the costs of the action, reasonable attorney's fees, and certain other costs pursuant to Ind. Code § 34-24-3-1.

WHEREFORE, for all of the foregoing reasons, Plaintiff Jodi Hamstra respectfully requests that judgment be entered against Defendant Donald W. Shelmon and in favor of Jodi Hamstra for compensatory damages in the amount of at least $630,000, an additional $1,260,000 pursuant to Ind. Code § 34-24-3-1, prejudgment interest, attorneys' fees and punitive damages in the amount of $2,000,000, and for such other and further relief as this Court deems just and equitable.

Respectfully Submitted,

CUSTY LAW FIRM, LLC

/s/ Brian N. Custy (#26329-64)
4004 Campbell Street, Suite 4
Valparaiso, IN  46385
219-286-7361
bcusty@custylaw.com

### Jury Demand

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury on all issues so triable.

Respectfully Submitted,

CUSTY LAW FIRM, LLC

/s/ Brian N. Custy (#26329-64)
4004 Campbell Street, Suite 4
Valparaiso, IN  46385
219-286-7361
bcusty@custylaw.com